*271
Curia, per

O’Neall, J.
In this case the facts were properly submitted to the jury, and this is one of the very cases in which, above all others, their verdict should not be disturbed by tliis court. For by our decisions, they are made the peculiar judges of the question of caste, arising out of the admixture of African and white blood. It is, however, proper to remark, that the relator in prohibition should always be present in court to be inspected by the jury, and if there is a failure in this respect, it is a circumstance of great weight against the relator’s claim to be regarded as white. In this case.the defendants had the full benefit of Henry’s absence, and the jury, unless they believed his absence had been fully and fairly accounted for, had the right to regard it as a strong presumption against his claim.
The other two relators were inspected, and the whole matter of descent, reputation, reception in society, with a strong description of Henry’s color, were in evidence before the jury, and with all these lights, they thought fit to find the relators free white men, which they had the right to do, and their verdict is unquestionably right,
Fy If the defendants wished the presence of the relators’s mother, her attendance could have been procured by subpoena. If they neglected to avail themselves of the means of bringing her to court, they had no right to complain, if when called for, they found her not.
The motion is dismissed.
Evans and Wardlaw, JJ., concurred. Richardson, J., absent at the argument.
Butler, J.
In a question of color, I think it indispensable that the plaintiff should appear in court for inspection.